**UNITED STATES of America, Appellee,**

v.

**Robert LUJAN, Defendant–Appellant.**

No. 11–2017–cr.

United States Court of Appeals, Second Circuit.

Jan. 30, 2013.

Yuanchung Lee, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Iris Lan, Timothy D. Sini, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: GUIDO CALABRESI, ROBERT D. SACK, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant Robert Lujan, who stands convicted, based on guilty pleas, to one count of theft of government funds, *see* 18 U.S.C. § 641, and four counts of making false statements, *see* 18 U.S.C. § 1001, appeals from that part of his judgment of conviction ordering him to forfeit $54,241. We review the district court's factual findings supporting forfeiture for clear error and its legal conclusions *de novo*. *See United States v. Contorinis*, 692 F.3d 136, 145 (2d Cir.2012). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Lujan contends that he cannot be required to forfeit to the government an amount equal to what it paid to his landlord in fraudulently obtained rental subsidies because that money does not constitute "property . . . obtained" within the meaning of 18 U.S.C. § 981(a)(2)(A). This challenge is now foreclosed by this court's recent decision in *United States v. Torres*, 703 F.3d 194 (2d Cir.2012). In *Torres*, on facts nearly identical to those presented here, the court held that the value of fraudulently procured housing subsidy benefits

> constituted "property" that was "obtained [by Torres] . . . indirectly" as a result of her offense, and may also be fairly characterized as "proceeds traceable to" or "net gain" realized from her offense. Each phrase provides an adequate premise under § 981 for the government's forfeiture complaint and the court's forfeiture award.

*Id.*, 703 F.3d at 196(alterations and ellipses in original). In so holding, the court ex-

plicitly rejected the contrary analysis in *United States v. Hemingway*, No. 10 CR 302 (S.D.N.Y. Dec. 7, 2010), a case relied on by Lujan. *See United States v. Torres*, 703 F.3d at 200 (stating with respect to *Hemingway*, "We disagree with an analysis that seeks to characterize Torres's unlawful gain as inchoate and therefore not subject to forfeiture").

Accordingly, we reject as meritless Lujan's challenge to the district court's forfeiture order. The district court's judgment is AFFIRMED.